**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
LILAAHAR BICAL, NADIA BICAL,
JASON J. BICAL, NALINIE BICAL, KRISTAL
AUTO MALL CORP., BICAL CHEVROLET CORP.,
NJJ DEVELOPMENT LLC, NADIA DEVELOPMENT
LLC, BICAL REALTY CORP., BICAL DEVELOPMENT
CORP.,

**COMPLAINT**

Plaintiffs,

**Docket No.:**

-against-

Jury Trial Demanded

JPMORGAN CHASE & CO.

Defendant.

-------------------------------------------------------------------X

Plaintiffs Lilaahar Bical ("Lilaahar"), Nadia Bical ("Nadia"), Jason J. Bical ("Jason"), Nalinie Bical ("Nalinie") (collectively "Individual Plaintiffs"), Kristal Auto Mall Corp. ("Kristal"), Bical Chevrolet Corp. ("Bical"), NJJ Development LLC ("NJJ"), Nadia Development LLC ("NDLLC"), Bical Realty Corp. ("BRC"), Bical Development Corp. ("BDC," collectively "Entity Plaintiffs," and together with the Individual Plaintiffs, "Plaintiffs"), by and through their attorneys, LaBonte Law Group PLLC ("LLG"), brings this action against Defendant JPMorgan Chase & Co. ("Chase" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the Equal Credit Opportunity Act, 15 U.S. Code § 1691 *et seq.* ("ECOA"), federal civil rights law under 42 U.S.C §1981, the Administrative Code of the City of New York §8-107 ("Code"), and New York Human Rights Law under New York Executive Law §296-a, and respectfully alleges the following upon information and belief:

## NATURE OF THE CLAIM

1. Plaintiffs file suit for injunctive relief and damages to oppose Chase's unlawful and discriminatory closing of their long-term saving, checking, business, overdraft, and credit card accounts. Chase repeatedly solicited Bical to apply for an SBA PPP loan. Chase approved and funded the $770,000 loan within twenty-four hours. The SBA subsequently rejected the loan, upon information and belief based upon Lilaahar's years' old guilty plea to a single wire fraud conspiracy charge. Immediately thereafter, Chase sent account termination letters to Lilaahar, his associated entities, his wife Nalinie, and his children Nadia and Jason Bical.

2. Plaintiffs seek a preliminary injunction to prevent the irreparable harm to their personal lives and business interests that would follow from the imminent account closings on August 31, 2020.

## PARTIES

3. Lilaahar, Nalinie, Jason, and Nadia ("Individual Plaintiffs") are African-American New York residents of the Hindu religion, residing at 2173 E 73rd Street, Brooklyn, New York 11234-6201.

4. Kristal, Bical, NJJ, NDLLC, BRC, and BDC ("Business Plaintiffs") are New York entities controlled by Lilaahar.

5. Plaintiffs are "applicants" as defined by the ECOA and the Bureau of Consumer Financial Protection ("Bureau"), 12 C.F.R. § 202.2

6. Defendant Chase is a Delaware corporation licensed to do business in New York with a principal place of business and executive office at 270 Park Avenue, New York, New York 10017.

7. Defendant is a national bank and a "creditor" as defined by the Equal Credit Opportunity Act, the New York Human Rights Law, and the New York Executive Law § 292(22).

8. Defendant also operates as a "place or provider of public accommodation" under the Administrative Code of the City of New York.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over the Parties pursuant 28 U.S.C § 1331, 15 U.S.C. §1691, and 28 U.S.C. §1367 for pendant state law claims predicated upon the same facts and circumstances giving rise to the federal causes of action.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Chase has its principal place of business and executive offices in New York, conducts regular business in this district, and because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## FACTS

11. Plaintiffs have been long-term Chase customers, ranging from twenty (20) to thirty (30) years.

12. Plaintiffs have personal checking and savings accounts, business accounts, overdraft protection, and credit card accounts with Chase. The personal accounts also include investment accounts, deposit accounts, and safety deposit boxes. A true and accurate copy of these accounts is attached as Exhibit A.

13. Upon information and belief, many of the checking accounts included in Exhibit A have overdraft protection, which qualify as an extension of credit. Upon information and belief, the investment account permits margin trading, which qualifies as an extension of credit.

14. In or about April of 2020, Chase solicited Lilaahar and some of his Entity Plaintiffs to apply for the Small Business Association's Paycheck Protection Loan. These businesses included Kristal Auto Mall Corp and Bical Chevrolet Corp.

15. Chase approved the application, and within twenty-four hours deposited approximately $770,000 in the corporate account.

16. Upon information and belief, the SBA subsequently rejected the PPP loan based on Lilaahar's guilty plea to a single conspiracy charge for wire fraud years ago in 2017. Lilaahar's alleged co-conspirator was acquitted of all charges at trial.

17. Chase withdrew the $770,000 deposit following the SBA's rejection.

18. Almost immediately thereafter, Chase sent termination letters to Plaintiffs (between May and June) stating that their accounts would be closed.

19. Nadia, Lilaahar's daughter, had absolutely nothing to do with his guilty plea.

20. Jason, Lilaahar's son, had absolutely nothing to do with his guilty plea.

21. Nalinie, Lilaahar's wife, had absolutely nothing to do with his guilty plea.

22. Plaintiffs sent a letter through their attorneys requesting an explanation for these closures.

23. Chase failed to provide any specific reason for the closures, except to allege that Nadia and Nalinie created a "possible reputational risk to our company."

24. Plaintiffs accounts are all in good standing. Plaintiffs have not defaulted on any payments, have not bounced any checks, and have not presented any indication of risk or changed circumstances.

25. Upon information and belief, there is no legitimate business reason to close the Plaintiffs' accounts.

26. Upon information and belief, Chase is closing Plaintiffs' accounts for discriminatory reasons and because Plaintiffs are part of a protected class.

27. Upon information and belief, Plaintiffs are being treated differently than other banking clients and those extended credit for impermissible discriminatory reasons, including on the basis of their membership in a protected class.

28. Upon information and belief, Chase's policies, practices, and implementation have a disparate impact on African-Americans, Hindus, and members of a protected class.

29. Upon information and belief, Plaintiffs are being treated differently than those of similar income, credit risk, and assets who have been convicted of a felony because of discriminatory reasons, and because they are members of a protected class.

30. Upon information and belief, Chase's policies, practices, and implementation have a discriminatory disparate impact on African-American, Hindus, and members of a protected class who have pleaded guilty to a felony, or are related to a person convicted of a felony.

31. Plaintiffs will suffer irreparable harm if their accounts are closed as of August 31, 2020.

32. The Entity Plaintiffs will be unable to make payroll and make or accept payments. Plaintiffs' businesses will be forced to immediately shut down until they are able to secure new banking relationships.

33. The Individual Plaintiffs will also suffer irreparable harm if their accounts are closed as of August 31, 2020. They will not have access to their funds, will not be able to withdraw money or make credit card purchases, and will effectively have their finances frozen and investments liquidated, with potentially irreversible tax and credit rating consequences.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT**
**15 U.S.C. § 1691**

34. Plaintiffs repeat, reiterate, and re-allege each and every allegation above as if fully set forth herein.

35. The Equal Credit Opportunity Act ("ECOA") requires creditors to abstain from discriminating against applicant in regards to credit transactions.

36. Furthermore, 15 U.S.C. § 1691(d) requires a creditor to provide specific reasons for adverse actions.

37. Plaintiffs are applicants within the meaning of the ECOA, in that that they have accepted and received credit from Chase.

38. Chase's closing of Plaintiffs' accounts as of August 31, 2020, is an adverse action pursuant to the ECOA.

39. Upon information and belief, Chase's adverse action is based on Plaintiffs' race, religion, and / or national origin and violates the ECOA.

40. Plaintiffs are members of a protected class as African-Americans.

41. Plaintiffs are members of a protected class as Hindus.

42. Plaintiffs applied for credit from Chase, including through credit card accounts, overdraft protection, and investment accounts qualified for margin purchases.

43. Plaintiffs, despite being qualified for credit, were improperly terminated and denied credit by Chase's adverse action.

44. Upon information and belief, Chase continues to engage in these types of credit card, overdraft protection, and margin transactions with other parties of similar qualifications.

45. Upon information and belief, Chase treats members of the protected class, including African-Americans and Hindus, who have a single felony conviction, or are related to a person with a single felony conviction, differently than those who are not members of a protected class.

46. Upon information and belief, Chase intentionally discriminates against members of protected classes, including African-Americans and Hindus, who pleaded guilty to a felony charge or are related to someone who pleaded guilty to a felony charge.

47. By refusing to provide Plaintiffs with the specific reasons for closing their credit card and overdraft accounts, Chase has further violated 15 U.S.C. § 1691.

48. Plaintiffs have been and will be damaged and irreparably harmed by Chase's violation.

## SECOND CAUSE OF ACTION

### VIOLATION OF PLAINTIFFS' EQUAL RIGHTS UNDER THE LAW
### 42 U.S.C §1981

49. Plaintiffs repeat, reiterate, and re-allege each and every allegation above as if fully set forth herein.

50. Plaintiffs have an equal opportunity right to receive the benefits of their contractual relationships.

51. Plaintiffs, as African-Americans, are members of a racial minority.

52. Upon information and belief, Chase intended to discriminate against Plaintiffs on the basis of race.

53. Chase's discrimination concerned the enumerated rights contained in 42 U.S.C. § 1981, including the right to make and enforce contracts, and receipt of the full benefit of all laws and proceedings for the security of their persons and property.

54. Plaintiffs, upon information and belief, are being treated differently because of their race in having their accounts terminated and contractual relationships severed.

55. Plaintiffs, upon information and belief, are being treated differently from others who have pleaded guilty to a single felony, or have a relative who pleaded guilty to a felony, because of their race.

56. Chases policies and their implementation, upon information and belief, have a disparate impact against those who pleaded guilty to a felony or those related to someone who pleaded guilty to a felony on the basis of race.

57. Plaintiffs have a contractual relationship with Chase by virtue of their personal, business, checking, savings, investment, and credit card accounts, as well as overdraft protection and margin capability.

58. Upon information and belief, Chase has severed these contractual relationships and will close Plaintiffs' accounts as of August 31, 2020, because of Plaintiffs' race.

59. Chase has not provided any non-discriminatory reasons for closing the accounts.

60. Chase has thereby violated 42 U.S.C §1981.

61. Plaintiffs have been and will be damaged and irreparably harmed by Chase's violation.

## THIRD CAUSE OF ACTION

### DISCRIMINATORY REFUSAL OF SERVICE
### ADMINISTRATIVE CODE OF THE CITY OF NEW YORK §8-107

62. Plaintiffs repeat, reiterate, and re-allege each and every allegation above as if fully set forth herein.

63. Chase is a place or provider of public accommodation under the Code.

64. By letter sent to Plaintiffs, Chase will close Plaintiffs' accounts as of August 31, 2020.

65. Upon information and belief, Chase has closed Plaintiffs' accounts for discriminatory reasons, including on the basis of race, national origin, and religion.

66. Upon information and belief, Chase has intentionally treated Plaintiffs differently than non-African Americans who pleaded guilty to a single felony.

67. Upon information and belief, Chase has intentionally treated Plaintiffs differently than non-Hindus who pleaded guilty to a single felony

68. Upon information and belief, Chase's policies and implementation have the effect of discriminating against members of their protected class who have pleaded guilty or are related to someone who has pleaded guilty to a single felony.

69. Chase has failed to provide a specific reason for closing any of Plaintiffs' accounts.

70. Plaintiffs have been in good standing with Chase for decades.

71. In fact, Chase solicited Lilaahar's participation in the PPE loan program for his businesses, which Chase immediately funded for $770,000. That funding was subsequently rejected by the SBA.

72. However, there is no legitimate business reason to close Plaintiffs' accounts. There is no legitimate business reason to close the accounts of Lilaahar's wife, son, and daughter.

73. Chase has failed to establish that it did not act in a discriminatory way.

74. Thus, Defendant has violated Administrative Code of the City of New York §8-107.

75. Plaintiffs have been and will be damaged and irreparably harmed by Chase's violation.

## FOURTH CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION IN RELATION TO CREDIT
### NEW YORK EXECUTIVE LAW §296-a(1)(b)

76. Plaintiffs repeat, reiterate, and re-allege each and every allegation above as if fully set forth herein.

77. Chase has denied Plaintiffs the ability to maintain their contractual relationships by keeping their accounts open, and has revoked all extensions of credit, including credit cards, overdraft protection, and margin capability.

78. Upon information and belief, Chase's actions were taken for discriminatory reasons, including on the basis of race, national origin, or religion.

79. Upon information and belief, Plaintiffs have been treated differently than others of the same credit worthiness, income, assets, and prior credit history based on discriminatory intent.

80. Despite Plaintiffs' demand for the specific reasons for rejection, Chase has refused to substantively respond.

81. Defendant has therefore violated New York State Executive Law §296-a(1)(b).

82. Plaintiffs have been and will be damaged and irreparably harmed by Chase's violation.

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING

83. Plaintiffs repeat, reiterate, and re-allege each and every allegation above as if fully set forth herein.

84. Plaintiffs have a contract with Chase for each of their accounts, credit cards, overdraft protection, and investments (including potential margin capability).

85. Defendant's letter terminating Plaintiffs' relationship with Chase and closing their accounts has the effect of destroying and injuring Plaintiffs' rights to receive the benefits of those contracts.

86. Chase's termination directly violates an obligation presumed to have been intended by the parties, namely that Chase would not discriminate against Plaintiffs on the basis of race, national origin, or religion.

87. Plaintiffs remain ready, willing, and able to abide by their account contracts.

88. By its conduct, Chase has breached the covenant of good faith and fair dealing implied in every contract.

89. Plaintiffs have been and will be damaged and irreparably harmed by Chase's violation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. Enter a judgment in favor of Plaintiff against Defendant for an amount to be determined at trial for each Count 1, Count 2, Count 3, Count 4, and Count 5;

2. For declaratory and injunctive relief prohibiting Chase from closing Plaintiffs' accounts without a valid non-discriminatory business reason;

3. Award Plaintiffs' attorneys' costs and fees pursuant to 15 U.S.C. § 1691e(d), 42 U.S.C. § 1988(b), and Administrative Code of the City of New York § 8-502(g);

4. Award punitive damages pursuant to 15 U.S.C. § 1691e(b), 42 U.S.C. § 1981a(b)(1), and /or the Administrative Code § 8-502;

5. For such other and further relief this Court may deem just and proper.


Dated: Jericho, New York
       August 13, 2020


                        LABONTE LAW GROUP PLLC


                        By: _____/s/ Scott H. Mandel_____
                            Scott H. Mandel, Esq.
                            333 Jericho Turnpike, Ste. 200
                            Jericho, New York 11753
                            Tel. (516) 280-8580
                            smandel@labontelawgroup.com